**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RHODERICK DWIGHT HALL, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0246-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: August 18, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rhoderick Dwight Hall, Temple, Georgia, pro se.

Earl L. Cotton, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal on the basis of res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2    This is the appellant's fourth appeal in which he has claimed that the agency constructively suspended him between July 2009 and February 2011.[2] *See Hall v. U.S. Postal Service,* MSPB Docket No. AT-0752-10-0435-I-1, Initial Decision (May 18, 2010); *Hall v. U.S. Postal Service,* AT-0752-10-0486-I-1, Initial Decision (June 30, 2010); and *Hall v. U.S. Postal Service*, MSPB Docket No. AT-0752-11-0116-I-1, Initial Decision (Feb. 23, 2011). As the administrative judge correctly noted below, the initial decision in each of these cases became the Board's final decision in that matter. Initial Appeal File (IAF), Tab 14, Initial Decision (ID); *see* 5 C.F.R. § 1201.113.

¶3    As the Board found in the previous appeals cited above, the appellant initiated his absence for the varying time periods at issue in each of those appeals and, consequently, failed to establish that the agency constructively suspended him during the time at issue in this matter. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the

---

[2] To the extent that the appellant addresses his separately-docketed restoration claim in the instant petition for review, we note that the Board issued an initial decision in that appeal, which became the Board's final decision after neither party petitioned for its review. *Hall v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0247-I-1, Initial Decision (Mar. 12, 2014); *see* 5 C.F.R. § 1201.113.

same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *See id*. The administrative judge correctly found that each of the above-listed criteria were met, and we agree that the instant appeal is barred by the doctrine of res judicata.[3]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[3] The administrative judge twice stated in the initial decision that the Board lacks jurisdiction over the appeal. ID at 1-2, 4. While we affirm that this appeal is barred by res judicata, we modify the initial decision to clarify that dismissal is not based upon a lack of Board jurisdiction. Rather, the principle of claim preclusion is the proper basis for the appeal's dismissal. *See Peartree*, 66 M.S.P.R. at 337.

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e](#)-5(f) and [29 U.S.C. § 794a](#).


FOR THE BOARD:              _____

                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.